**FILED**

**June 5, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 24-363 – *Lawyer Disciplinary Board v. Bailey*

Bunn, Chief Justice, concurring, in part, dissenting, in part:

Consistent with the view recently espoused in *Lawyer Disciplinary Board v. Freeman*, 252 W. Va. 447, 923 S.E.2d 377 (2025), I firmly support the portion of the majority's analysis drawing the distinction between misappropriation—generally resulting in the appropriately harsh sanction of disbarment—and fee mishandling, which carries a lesser sanction, albeit consistent with the circumstances surrounding it. I further agree that annulment of Mr. Bailey's license is unwarranted based on that distinction and the mishandling committed here. But as the significant offense of mishandling appears to be among the *least* egregious of Mr. Bailey's transgressions, I disagree, as I did in *Freeman*, that the majority's imposed sanction of two years' suspension accounts for the severity of his remaining violations of the Rules of Professional Conduct and dissent from the majority as to the imposed sanction. *Id.* at __, 923 S.E.2d at 391 (Ewing, J., concurring, in part, dissenting, in part, joined by Bunn, J.).

Based on an assessment of similar misconduct, I would have imposed a one-year suspension consistent with *Lawyer Disciplinary Bd. v. Morgan*, 228 W. Va. 114, 717 S.E.2d 898 (2011), based on Mr. Bailey's maintenance of an IOLTA account only for purposes of keeping his license. Mr. Bailey never used the account for the *reasons* the Bar requires it—to keep an account of client funds that have been entrusted to an attorney but not yet earned. This Court has explained that "[t]he formation and proper operation of an IOLTA account represents a key protection of funds rightfully belonging to clients against

1

comingling and misappropriation." *Lawyer Disciplinary Bd. v. Greer*, 252 W. Va. 1, 11, 917 S.E.2d 1, 11 (2024). Further, "protecting and ensuring the proper payment of funds belonging to clients is a fundamental and basic ethical duty of all attorneys licensed to practice in West Virginia." *Id.*

Like the attorney in *Morgan*, Mr. Bailey repeatedly deposited client funds directly into an operating account prior to earning them and his conduct cannot be said to be merely negligent. *See Morgan*, 228 W. Va. at 123, 717 S.E.2d at 907. ("If Mr. Morgan's actions were truly negligent and not intentional or knowing, the same misconduct would not have been repeated on numerous occasions."). Indeed, Mr. Bailey mishandled the fees entrusted to him, made more problematic for the lack of written fee agreements, lack of communication with his clients, and his failure to keep an accounting of funds deposited and fees earned. For these violations alone, a one-year suspension would be appropriate insofar as the record demonstrates carelessness rather than an intent to defraud or convert funds for his own use.

Still, the majority focuses its attention on the monetary violations while Mr. Bailey's remaining—and concerning—violations are mentioned only cursorily. In view of Mr. Bailey's additional violations that involve abandonment of his clients, lack of communication, and resulting actual harm, I would have imposed an additional two years' suspension for those violations of the Rules of Professional Conduct consistent with similar discipline in other cases.

Mr. Bailey's violations resulted in harm done to multiple clients, due in large part to his near total abandonment of their cases and in abdication of responsibility for communication to his legal assistant. Though no disciplinary case is on all fours with any other due to the fact and circumstance-driven analysis, I find *Lawyer Disciplinary Board v. Grafton*, to be instructive here. 227 W. Va. 579, 712 S.E.2d 488 (2011). In *Grafton*, the attorney agreed to represent a plaintiff in a personal injury lawsuit, but after filing the complaint, the attorney failed to respond to discovery requests and requests for admissions, caused delays, and failed to respond to the defendant's motion for summary judgment. *Id.* at 583, 712 S.E.2d at 492. Summary judgment was entered in favor of the defendant based, in part, on the failure to respond to discovery. *Id.* at 584, 712 S.E.2d at 493. The client repeatedly checked with the attorney's office and tried to speak with the attorney directly, but with no success. *Id.* Someone in the attorney's office eventually told the client— erroneously—that her appeal was pending, but the attorney never perfected the appeal and it was dismissed, a fact the client learned from the clerk's office, not her attorney. *Id.* There, the Court suspended the attorney for two years, increased from the HPS's recommended one-year sanction. *Id.* at 589, 712 S.E.2d at 498.

Acknowledging that Mr. Bailey committed fewer violations than did the attorney in *Lawyer Disciplinary Board v. Schillace*, I likewise find certain aspects of this case comparable to those discussed there. 247 W. Va. 673, 885 S.E.2d 611 (2022). There, the attorney had similarly "repeatedly agreed to represent clients but then abandoned his duties and responsibilities, leaving them with virtually no legal representation." *Id.* at 678,

3

885 S.E.2d at 616. In the face of significant misconduct, that attorney's license was suspended for two years.[1] *Id.* at 689, 885 S.E.2d at 627. Like the attorney in that case, Mr. Bailey agreed to represent these clients then handed them off to his legal assistant, did not respond to discovery, failed to keep his client apprised of a dispositive motion, did not file a motion he was asked to file, abandoned a client during a hearing, and impaired his clients' legal rights through his misconduct.

In Ms. Lewis's case, Mr. Bailey agreed to represent her but never developed the case and failed to respond to discovery resulting in the circuit court entering summary judgment in favor of the defendant. Mr. Bailey never informed Ms. Lewis that a dispositive motion was pending nor was she informed of the hearing. When she did not attend the hearing, Mr. Bailey made false statements to the court about her absence to cover up his own misconduct and that misrepresentation negatively impacted Ms. Lewis's position even beyond Mr. Bailey's failure to properly prosecute her case in the first instance.

Unlike the client in *Grafton*, Ms. Lewis did get to appeal after retaining another attorney on an emergent basis, but the misconduct and resulting harm was not purged for that fact. Ms. Lewis bore additional costs, and the judgment against her was affirmed on the basis that the claims had not been developed and for lack of response to discovery, both of which are directly attributable to Mr. Bailey. Mr. Bailey asserts that Ms. Lewis's claim was going to fail anyway because of the disparity in resources between the

---

[1] The sanction was significantly reduced in that case in light of mitigating circumstances that are not present here.

parties, suggesting that it lessens the actual harm wrought by his misconduct. But for Ms. Lewis, Mr. Bailey *was* her resource, and he neglected to provide even minimal advocacy, apparently conceding defeat before interviewing even a single witness. Mr. Bailey's dilatory approach to advocacy stands in stark contrast to the zealousness required by the rules. *See* W. Va. R. Prof. Conduct 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."). When viewed alongside his failure to develop the case and the deceitful behavior toward his client and toward the court, I find it warrants harsher discipline than the majority levies.

In the case of Mr. Ellis, Mr. Bailey abandoned him during a hearing. Even worse, the hearing was set to determine whether Mr. Ellis was to be subjected to penalties for contempt based on *Mr. Bailey's* failure to comply with the court's order. Without bothering to even inform Mr. Ellis or the court that he would need to withdraw from representing Mr. Ellis, Mr. Bailey intentionally did not appear for Mr. Ellis's contempt hearing. Even after the circuit court contacted him to appear by phone, Mr. Bailey stood idly by while Mr. Ellis was made to advocate for himself in defense of his attorney's failure to abide by the court's order. As for the other violations found by the Hearing Panel Subcommittee, continuous failure to communicate with Mr. Stobart and Mr. Moats about something so simple as providing a case file is similarly concerning, as is the fact that Mr. Bailey turned over criminal defense work to his legal assistant.

Like the Hearing Panel Subcommittee and the majority, I agree that Mr. Bailey's conduct was knowing, and that he shows a lack of remorse. More than passing off

5

responsibility onto his legal assistant, to whom he had apparently delegated all legal counsel and communication with clients, I am particularly troubled by the blame Mr. Bailey lays at the feet of his clients and the justifications offered to "mitigate" the harm done. The misconduct associated with Mr. Bailey's handling of each client's case is evocative of the derisive criticism the legal profession endlessly combats.

I disagree that a two-year suspension sufficiently addresses the pattern of serious ethical violations demonstrated here and further find the majority's imposition of such a lenient sanction unsupported by other disciplinary decisions. Based on the cases relied upon, the majority appears to impose a one year to eighteen months' suspension for fee mishandling, while the remaining and serious violations are demoted as analogous to *Lawyer Disciplinary Board v. Curnutte*, 251 W. Va 839, 916 S.E.2d 681 (2025). In *Curnutte* the Court imposed a six-month suspension for failing to expedite litigation, failing to communicate with clients, and failing to respond to ODC requests for information. *Id.* at 852-53, 916 S.E.2d at 694-95. Missing from *Curnutte* is deceitful conduct, lack of candor, lack of remorse, abandonment of a client, and harm that resulted in contempt proceedings and the dismissal of client's claim for lack of diligence. *Grafton* and *Schillace* are much more analogous to the offenses at issue here and suggest that a two-year suspension for the remaining violations would be consistent with prior decisions. Accordingly, I would impose a sanction of at least three years in view of that misconduct and fee mishandling as well as requiring Mr. Bailey to pay restitution to Mr. Ellis, to petition for reinstatement, to

6

participate in additional Continuing Legal Education credits aimed at addressing office management, and to pay the costs of these proceedings.